UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------

CHRISTOPHER ROLLINS,

                  Movant,

       -against-

UNITED STATES OF AMERICA,

               Respondent.

--------------------------------------------

OPINION & ORDER

15-CV-07154 (WHP)

13-CR-00362 (WHP)

WILLIAM H. PAULEY III United States District Judge:

        Petitioner pro se Christopher Rollins brings this habeas petition pursuant to 28

U.S.C. §2255 to vacate his conviction and sentence of 151 months of imprisonment.  He claims

his Sixth Amendment rights were violated due to the ineffective assistance of his trial counsel.

For the following reasons, Rollins' petition for habeas relief is denied.

BACKGROUND

        On March 15, 2013 Rollins was indicted on three counts: (1) conspiracy to

distribute narcotics in violation of 21 U.S.C. § 846, (2) participation in a Hobbs Act robbery

conspiracy in violation of 18 U.S.C. § 1951–52, and (3) carrying a firearm in relation to a Hobbs

Act robbery conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2).  The charges

stemmed from Rollins' participation in a scheme to rob a shipment of drugs.  (See Government's

Opposition to Petitioner's § 2255 Motion ("Opp."), ECF No. 8, Ex. A ¶¶ 9–22.)

        Rollins pled guilty to Count Two of the indictment on April 8, 2014.  (See Opp.,

Ex. B.)  The plea agreement contained a waiver of Rollins' right to appeal or otherwise challenge

his sentence and stipulated that "the defendant will not file a direct appeal; nor bring a collateral

challenge, including but not limited to an application under Title 28, United States Code, Section

2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States

Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 151

to 188 months' imprisonment." (Opp., Ex. B at 6.)  On September 11, 2014 this Court sentenced

Rollins to 151 months' imprisonment and three years of supervised release.  One year later,

Rollins filed this habeas petition, alleging ineffective assistance of counsel.  (See Memorandum

of Facts and Law in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Mot.

Br."), ECF No. 2.)

## LEGAL STANDARD

The Sixth Amendment protects the right to effective assistance of counsel, and §

2255 provides an avenue of relief for violations of that right.  See Morales v. United States, 635

F.3d 39, 42–43 (2d Cir. 2011).  To prevail on an ineffective-assistance claim, a petitioner must

show that: (1) his attorney's representation fell below an objective standard of reasonableness;

and (2) there is a reasonable probability that, but for the deficiency in representation, the result of

the proceeding would have been different.  Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015),

citing Strickland v. Washington, 466 U.S. 668, 687–88, 693–94 (1984).

When a petitioner is proceeding pro se, courts must read the petition and

supplemental submissions liberally, interpreting them to raise the strongest arguments they

suggest.  See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); see also Green v. United

States, 260 F.3d 78, 83 (2d Cir. 2001) (applying same principle to pro se motions filed pursuant

to § 2255).  However, self-serving, conclusory allegations are insufficient to establish ineffective

assistance of counsel.  See United States v. Torres, 129 F.3d 710, 715–17 (2d Cir. 1997).

## DISCUSSION

Before considering the merits of Rollins' ineffective-assistance claim, this Court

must address the effect of the waiver of his right to collaterally attack his sentence in the plea

agreement.  This analysis consists of two questions: is the waiver valid and, if so, does it act as a

procedural bar to the instant petition?  See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d

Cir. 2001).

2

I.      **Validity**

A criminal defendant may waive the right to appeal and collaterally attack his

sentence under § 2255.  See United States v. Riggi, 649 F.3d 136, 140 (2d Cir. 1999).  Such

waivers are valid and enforceable so long as the defendant enters into the plea agreement

knowingly and voluntarily.  See Garcia-Santos, 282 F.3d at 508 (waiving right to direct appeal),

citing United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (waiving right to collateral attack

under § 2255).  "The standard . . . remains whether the plea represents a voluntary and intelligent

choice among the alternative courses of action open to the defendant."  Parke v. Raley, 506 U.S.

20, 28–29 (1992).  Courts give considerable weight to a defendant's statements of knowledge

and understanding at the plea allocution, particularly when "during the plea hearing, the

defendant's attention was drawn to the waiver."  Abrams v. United States, No. 11-CV-672, 2012

WL 4086765, at *3 (E.D.N.Y. Sept. 17, 2012); see also United States v. Applebaum, No. 94-CR-

209, 1995 WL 723348, at *10 (S.D.N.Y.  Dec. 7, 1995) ("[A] defendant's statements at a plea

allocution carry a strong presumption of veracity . . . [and] are conclusive absent credible reason

justifying departure from their apparent truth.").

Here, Rollins signed the plea agreement containing the waiver and affirmed his

knowledge and understanding of the waiver provision on the record after substantial discussion

with this Court.  See Garcia-Santos, 273 F.3d at 508 (finding that defendant's waiver "was

entered into knowingly and voluntarily, and with awareness of his waiver of appeal and

collateral attack" where defendant "signed the plea agreement . . . [and] stated to the magistrate

judge that he had read and understood the agreement"); see also Plea Allocution Transcript

("Tr."), No. 13-CR-362, ECF No. 43 at 14:17–22) ("THE COURT: Do you understand that

under the terms of this plea agreement that you are giving up or waiving your right to appeal or

otherwise challenge your sentence if this court sentences you within or below the stipulated

guidelines range of 151 to 188 months of imprisonment? THE DEFENDANT: Yes.").  At no

point during the five months between the plea allocution and sentencing did Rollins seek to

withdraw his guilty plea or claim that he made it involuntarily or by mistake.  Accordingly,

Rollins executed a knowing and voluntary waiver of his right to collateral attack under § 2255.

II.      **Procedural Bar**

"An ineffective assistance of counsel claim survives the guilty plea or the appeal

waiver only where the claim concerns the advice [the defendant] received from counsel" as to

the substance of the plea.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008)  Appeal

waivers that result from ineffective assistance of counsel are unenforceable because the "very

product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective

assistance of counsel."  Cross v. Perez, 823 F. Supp. 2d 142, 151 (E.D.N.Y. 2011).  Rollins'

waiver of his collateral-attack rights will act as a procedural bar to this petition unless he can

show a connection between the ineffective assistance of his counsel and his own knowing and

voluntary acceptance of the plea.  See Parisi, 529 F.3d at 139 (finding that "challenging the

attorney's advice about [the defendant's] bargaining position, by connecting the knowing and

voluntary nature of the defendant's plea decision with the attorney's conduct" avoids the

procedural bar of an appeal waiver).

Rollins acknowledged at the plea allocution that he had discussed the plea with

his attorney and fully understood it.  See Tr. at 13:23–14:7 ("THE COURT: Did you discuss [the

plea] with your attorney before you signed it? THE DEFENDANT: Yes. THE COURT: Did you

fully understand this agreement at the time you signed it? THE DEFENDANT: Yes. THE

COURT: Does this agreement represent your complete and total understanding of the entire

agreement among the government, your attorney and you? THE DEFENDANT: Yes.").  In

response to this Court's order, Rollins' trial counsel submitted an affidavit regarding Rollins'

decision to accept the plea agreement.  (See Affidavit of David K. Bertan (Bertan Aff.), 13-CR-

362, ECF No. 87.)  Counsel affirms that he "explained [the waiver] provision to Mr. Rollins as

4

we reviewed the plea agreement" and also "explicitly explained that in the event Mr. Rollins was

sentenced to a term within the advisory guidelines range stated in the plea agreement, he could

not challenge his conviction." (Bertan Aff. at 3–4.)  Rollins claims that his attorney told him "he

could not appeal but he could file a 2255 within one year of being sentence[d]." (Defendant's

Answer to Government's Opposition, ECF No. 12 at 10.)  However, no evidentiary hearing is

necessary when a petitioner's claims are "directly contradicted by his clear statements at

allocution" or are "simply conclusory." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.

1992).  Rollins' petition is procedurally barred by his knowing, voluntary waiver of his right to

collaterally attack his sentence under § 2255.

CONCLUSION

Rollins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §

2255 is denied without need for an evidentiary hearing.  Because Rollins has not made a

substantial showing of a denial of a constitutional right, a certificate of appealability will not

issue. See 28 U.S.C. § 2253(c).  The Clerk of Court is directed to mark this case as closed.  The

Clerk of Court is further directed to mail a copy of this Order to Petitioner and note service on

the docket.

Dated: March 13, 2017
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.