```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA                                :
                                                        :
                                                        :
            -v-                                         :     13 Cr. 362 (JPC)
                                                        :
CHRISTOPHER ROLLINS,                                    :     MEMORANDUM OPINION
                                                        :           AND ORDER
                        Defendant.                      :
                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Defendant Christopher Rollins is a federal inmate who moves for compassionate release from prison because of the COVID-19 pandemic. For the reasons that follow, the Court finds that Rollins has failed to show "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). And even if Rollins had made that showing, several section 3553(a) factors weigh heavily against releasing him early from prison. The Court therefore denies Rollins's motion for compassionate release.

## I. Background

Beginning in April 2013, Rollins and two other men became involved in a plot to rob a person who they believed possessed over 22 kilograms of narcotics. Dkt. 52 ("PSR") ¶¶ 13-20; Dkt. 64 ("Sentencing Tr.") at 4. But this victim did not exist. The Drug Enforcement Administration ("DEA") created him as part of a sting operation. *See* PSR ¶¶ 15-17; Sentencing Tr. at 18. Rollins met with a confidential witness who was working with the DEA to plan the robbery. PSR ¶¶ 15-18. Rollins recruited his two co-conspirators to assist with the robbery and obtained firearms for the men to use. *Id.* ¶¶ 16-18. On the day of the planned robbery, Rollins drove his co-conspirators to the location where they expected to rob the victim. *Id.* ¶¶ 17-19.

Instead, once there, law enforcement arrested Rollins and his co-conspirators. *Id.* ¶ 19. A search of Rollins's car resulted in the recovery of three guns and multiple zip ties. *Id.* ¶ 20.

On April 9, 2014, Rollins pleaded guilty to conspiracy to commit a Hobbs Act robbery pursuant to a plea agreement. *See id.* ¶ 8; Dkt. 43. As part of his plea agreement, Rollins and the Government agreed to an offense level of 29 under the United States Sentencing Guidelines, with a Criminal History category of VI. PSR ¶ 8. That resulted in an advisory Guidelines range of 151 to 188 months' imprisonment. *Id.*

At sentencing, the Honorable William H. Pauley III made the same Guidelines calculation, which included an enhancement given Rollins's "career offender" status. Sentencing Tr. at 16. To that end, Judge Pauley noted Rollins's troubling criminal history, which includes eleven convictions dating to 1993, including convictions for robbery, attempting to elude police, and manslaughter. *See id.*; PSR ¶¶ 37-56. Citing section 3553(a)'s factors, Judge Pauley determined that a lengthy sentence was appropriate because of the gravity and potential consequences of the crime. Sentencing Tr. at 17, 18. Judge Pauley then sentenced Rollins to 151 months in prison and 3 years of supervised release. *Id.* at 19. Because Rollins had been detained since his arrest in May 2013, he has thus far served just over 100 months of his sentence. Rollins is currently housed at the medium-security Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"). Dkt. 100 ("Opposition") at 1.

In August 2020, Rollins requested from FCI Petersburg's Warden a direct home confinement placement under the Cares Act of 2020 because of the COVID-19 pandemic. *See* Opposition, Exh. B at 2. The next month, the Warden denied that request. *Id.* at 1.

Two months later, Rollins, proceeding *pro se*, moved for compassionate release. Dkt. 98 ("Motion"). He seeks to serve the rest of his term of imprisonment in home confinement because

of the COVID-19 pandemic. *See id.* The Government has opposed Rollins's motion, arguing that Rollins "has failed to demonstrate any 'extraordinary and compelling reasons' that would warrant early release." Opposition at 1. This case was reassigned to the undersigned on August 13, 2021. Dkt. 101.

## II.  Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), defendants may seek compassionate release from prison. After the First Step Act, district courts now face two questions in resolving these motions: (1) whether extraordinary and compelling circumstances merit reducing the sentence and (2) whether the applicable section 3553(a) factors warrant the reduction. *See United States v. Pabon*, No. 17 Cr. 312 (JPC), 2021 WL 603269, at *2 (S.D.N.Y. Feb. 16, 2021). In doing so, the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 no longer limits district courts. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Instead, courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.*

To justify compassionate release, the defendant must "show that he is eligible for and deserving of compassionate release." *United States v. Newton*, No. 18 Cr. 373 (RJS), 2021 WL 321847, at *2 (S.D.N.Y. Feb. 1, 2021). But even if a defendant makes that showing, "[a] court is not required to reduce a sentence on compassionate release grounds" because the decision "rests in the discretion of the court." *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020).

## III.  Discussion

### A. Extraordinary and Compelling Reasons

Rollins seeks "compassionate release due to the COVID pandemic." Motion at 1. He makes two arguments for why he believes there are extraordinary and compelling circumstances

that warrant his release. He first claims that he is "deathly afraid" of COVID-19 because of his underlying health conditions. *Id.* These underlying health conditions allegedly include hypertension, acute bronchitis, a degenerative disk disease requiring surgery, and that he "exhibit[s] warning signs for colorectal cancer." *Id.* Rollins also claims that his confinement conditions warrant compassionate release, pointing to the safety protocols at FCI Petersburg combined with the number of COVID-19 cases. *Id.*

The Court disagrees. Many courts have found that "the risks posed by the [COVID-19] pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases); *see also Pabon*, 2021 WL 603269, at *1; *United States v. Thomas*, No. 15 Cr. 667 (KPF), 2020 WL 6364677, at *4 (S.D.N.Y. Oct. 29, 2020). Here, Rollins has failed to show additional factors warranting compassionate release.

To start with, Rollins's underlying medical conditions do not place him at a greater risk of negative complications from COVID-19. The Government has raised legitimate questions as to whether Rollins even suffers from hypertension. Rollins stopped taking medication for hypertension in November 2016, and his medical records suggest that he no longer suffers from it. *See* Opposition, Exhs. E at 12, F at 3-4, G at 23, H at 25.[1]

---

[1] The Court will file Rollins's detailed medical records, which the Government submitted directly to Judge Pauley's chambers, under seal. The Court will refer to those records only as needed for resolving his motion. The Court finds that the public's interest in further content of Rollins's medical records is outweighed by his privacy interests in those records. *See Pabon*, 2021 WL 603269, at *3 n.4.

But even crediting Rollins's medical claims, the Court is unpersuaded that they are "extraordinary and compelling reasons" that justify release. Rollins is an otherwise healthy forty-five-year-old male. *See United States v. Mason*, No. 96 Cr. 126 (JFK), 2021 WL 37576, at *3 (S.D.N.Y. Jan. 5, 2021) (recognizing that the CDC has warned that COVID-19 is especially risky for individuals age 65 and older); *Pabon*, 2021 WL 603269, at *4 (same). While the CDC says general hypertension "might" serve as a risk factor, it has noted that the real risk lies in those who have pulmonary hypertension. *See* Opposition, Exh. C at 2, 7; *see also United States v. Lobo*, No. 15 Cr. 174 (LGS), 2021 WL 603267, at *2 (S.D.N.Y. Feb. 12, 2021) ("The CDC Guidance states that pulmonary hypertension is a proven risk factor for COVID-19, while Defendant has essential hypertension, identified by the CDC Guidance only as a possible risk factor."). And the CDC does not even list Rollins's other two claimed medical conditions as risk factors for complications from COVID-19. *See* Opposition, Exh. C. Nor does his speculative claim that he has warning signs for colorectal cancer serve as a compelling justification for release. *See Collins v. Artus*, 496 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) ("To establish extraordinary circumstances, a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments.").

Besides Rollins's medical history, "infection rates are low at FCI Petersburg." *United States v. Bell*, No. 18-20127, 2021 WL 4148251, at *2 (E.D. Mich. Sept. 13, 2021). According to the Federal Bureau of Prisons, no inmates and only two staff members have COVID-19 infections as of October 5, 2021. Fed. Bureau of Prisons, *COVID-19 Cases*, http://www.bop.gov/coronavirus (last updated Oct. 5, 2021). This is not new: "infection rates at FCI Petersburg have remained low for weeks." *Bell*, 2021 WL 4148251, at *2. The Bureau of Prisons has also taken substantial steps to mitigate the risks that COVID-19 presents, which alleviates Rollins's concerns about its safety procedures. *See* Opposition at 5 (discussing publicly available information concerning measures

5

taken by the Bureau of Prison); *United States v. Gibbs*, No. 96 Cr. 539, 2021 WL 3929727, at *3 (E.D. Pa. Sept. 2, 2021) ("The Bureau of Prisons, including FCI Petersburg, has in place protocols to deal with this disease."). It is therefore unclear whether Rollins would have any lower chance of catching COVID-19 if released. *See Gibbs*, 2021 WL 3929727, at *3. On this record, Rollins has thus failed to show "that any risk related to COVID-19 constitutes an 'extraordinary and compelling' reason justifying his early release from prison." *Pabon*, 2021 WL 603269, at *4.

In sum, the Court has considered all the reasons mentioned above and any others that Rollins raises in passing in his motion papers, both individually and collectively, and finds that no extraordinary or compelling reason justifies releasing him from prison.

**B. Section 3553(a) Sentencing Considerations**

But even if Rollins had shown "extraordinary and compelling reasons" for compassionate release, the Court would still deny his motion because the section 3553(a) factors weigh heavily against his early release from prison. The following section 3553(a) factors in particular warrant keeping Rollins's sentence of imprisonment intact: (1) "the nature and circumstances of the offense," (2) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (3) the need "to afford adequate deterrence to criminal conduct," and (4) the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

To begin with, as Judge Pauley noted during sentencing, Rollins committed "a very serious crime against the United States." Sentencing Tr. at 15-16. He led the conspiracy to carry out a robbery, recruited his co-conspirators, and had multiple guns in his car when he drove to the planned location for the robbery. PSR ¶¶ 16-20. Despite all this, Rollins tried to deflect blame away from himself during sentencing. *See* Sentencing Tr. at 10-15. Judge Pauley "was struck by

6

the fact that [Rollins] la[id] all the blame at the government" when "the fact is that [he] agreed to take part in an armed robbery and . . . recruited others to take part in it." *Id.* at 17.  Judge Pauley emphasized that Rollins's crime warranted "a lengthy sentence . . . because of the gravity and the potential consequences of [his] crime." *Id.* at 18.

While Rollins says that he "want[s] to be better" and has taken courses and joined support groups in jail, Motion at 1-2, Rollins's long criminal history counsels against releasing him.  Rollins has committed a laundry list of crimes—including manslaughter—dating back to 1993.  *See* PSR ¶¶ 37-56 (listing ten convictions besides his current one).  As Judge Pauley put it: Rollins's lengthy criminal history and accompanying sentences of imprisonment "don't appear to have deterred [Rollins] so that there is a significant need for rehabilitation . . . [and] individual deterrence."  Sentencing Tr. at 18.  So even though Rollins has served over two-thirds of his sentence, releasing him now would severely undermine the goals of his sentence.  *See United States v. Boccanfusco*, No. 18 Cr. 104 (PKC), 2021 WL 736420, at *3 (E.D.N.Y. Feb. 24, 2021) ("[T]he fact that Defendant has served more than two-thirds of his 70-month sentence also does not warrant early release.").

The section 3553(a) factors therefore compel the conclusion that Rollins should serve his imposed sentence.  Anything less would undermine the important interests that Judge Pauley properly recognized at sentencing, including the seriousness of Rollins's crime, as well as the need for just punishment for the offense, for specific deterrence, and to protect society from Rollins committing further crimes.

## IV. Conclusion

For the above reasons, the Court denies Rollins's motion for compassionate release. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 98 and to mail a copy of this Memorandum Opinion and Order to Rollins.

SO ORDERED.

Dated: October 6, 2021
      New York, New York

_____
JOHN P. CRONAN
United States District Judge